IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JULIO PIZZINI, | * | |
| Petitioner | * | |
| v. | * | Civil Action No. SAG-21-25 |
| C.L. WEBER, Warden, | * | |
| Respondent | * | |

\*\*\*

## MEMORANDUM OPINION

On January 5, 2021, the Court received a Petition for Writ of Habeas Corpus from Julio Pizzini, alleging that the warden of the federal correctional facility in which he is serving a sentence violated the Interstate Agreement on Detainers Act ("IADA") by failing to assist him with detainers filed by a state court in Massachusetts. ECF 1. On March 18, 2021, Respondent filed a Motion to Dismiss the Petition or, in the alternative, a Motion for Summary Judgment (the "Motion"). ECF 6. Despite being sent a Rule 12/56 letter advising of the potential consequences of a failure to respond to Respondent's dispositive motion, ECF 7-8, Pizzini has not filed an opposition. Because the deadline for such an opposition has long expired, the motion is now ripe for disposition, and no hearing is necessary. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6 (D. Md. 2021). For the reasons set forth below, the Court will grant Respondent's Motion and enter summary judgment for Respondent.

### Background

On June 4, 2019, the United States District Court for the District of New Hampshire imposed a sentence of 170 months imprisonment on Pizzini, following his conviction for a drug trafficking conspiracy. ECF 6-1 ¶ 4. Bureau of Prisons ("BOP") staff determined that Pizzini had

two outstanding warrants in the Lawrence Superior Court in Essex County, Massachusetts. *Id.* ¶ 6. On May 19, 2020, BOP staff at Pizzini's federal facility, FCI Cumberland, sent a letter to the Essex County District Attorney, inquiring whether a detainer would be lodged for those outstanding warrants. *Id.* ¶ 7; ECF 6-3 (Detainer Action Letter). To date, the Essex County DA has not responded, and no detainer has been lodged. ECF 6-1 ¶ 8. BOP policy does not require a follow-up inquiry until one year from Pizzini's projected release from federal custody, which is currently July 5, 2030. *Id.* ¶ 9; ECF 6-4 (BOP Program Statement); ECF 6-2 (showing projected release date).

## Discussion

Because Respondent provides materials extrinsic to Pizzini's habeas petition to establish the absence of any detainers, the Court will review Pizzini's claim under Rule 56(a). See Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) ... matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

The IADA ensures that various state and federal courts employ uniform procedures with respect to lodging and executing detainers and affords prisoners certain rights with respect to the disposition of charges that resulted in detainers. A "detainer" is a "legal order that requires a State in which an individual is currently imprisoned to hold that individual when he has finished his sentence so that he may be tried by a different State for a different crime." *Alabama v. Bozeman*, 533 U.S. 146, 148 (2001). The IADA applies only to detainers, not to warrants or other pending charges. *See United States v. Mauro*, 436 U.S. 340, 361 (1978) (in the absence of a detainer, the IADA does not apply). Prosecuting jurisdictions do not always seek to lodge detainers, even when a warrant has been issued. *See Whitely v. Attorney General State of Connecticut*, No. 07-2382

(RMB), 2007 WL 1892309, at *4 (D. N.J. June 29, 2007) ("Nothing in the IADA requires a state to lodge a detainer on pending charges.").

The uncontroverted evidence before this Court is that no detainers are presently lodged against Pizzini.  The Essex County DA has not responded to FCI Cumberland's inquiry about whether it would lodge any detainers.  And Pizzini has provided no evidence that a detainer has been lodged, or that he has been advised that a detainer has been lodged.  In fact, the evidence he attached to his Complaint stated to the contrary, that he has "two outstanding warrants" and that if "a detainer is warranted, you will be advised if you qualify for the Interstate Agreement on Detainers Act."  ECF 1-2 at 2.  Pizzini has not established that he ever learned that he so qualified.  In the absence of any evidence that the IADA is applicable, summary judgment for Respondent is appropriate, and Pizzini's habeas claim must be denied.

## Conclusion

For the foregoing reasons, Respondent's Motion for Summary Judgment is GRANTED. A separate Order shall issue.


 November 1, 2021                            /s/
Date                                  Stephanie A. Gallagher
                                      United States District Judge